■ In the Matter of KARECA LASHAWN J., an Infant, by Her Natural Guardian and Mother, CAROL D., Appellant, v COUNTY OF WESTCHESTER et al., Respondents.—In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim against the County of Westchester and City of Mount Vernon, the infant petitioner appeals from an order of the Supreme Court, Westchester County (Ferraro, J.), entered March 25, 1987, which dismissed her reapplication for leave to serve a late notice of claim as procedurally improper.

Ordered that the order is affirmed, with one bill of costs.

In an order of the Supreme Court, Westchester County (Ferraro, J.), entered January 7, 1987, a prior application for leave to serve a late notice of claim on behalf of the infant and her mother was denied on behalf of the mother and dismissed with respect to the infant petitioner with leave to make further application "based upon a proposed notice of claim that contains allegations that fasten liability on the County and City". The reapplication on behalf of the infant petitioner was dismissed in the order appealed from on the ground that any further application should have been brought as a special proceeding pursuant to CPLR 403 under a new index number.

Irrespective of the alleged infirmities surrounding the service and form of the infant petitioner's second application for leave to serve a late notice of claim, the County of Westchester and City of Mount Vernon did in fact have actual notice of the proceeding and submitted opposition papers thereto *(see, Matter of Caro v Jones,* 41 AD2d 829; *Matter of Fagenson v First-York 86th St. Corp.,* 73 Misc 2d 1069, 1071). Inasmuch as the respondents implicitly admitted jurisdiction by acquiescing to the manner in which the reapplication was brought, it was error to have deemed it procedurally defective.

The court further erred in failing to render a determination on the merits *(see, Matter of Sylvander v Stewart,* 36 AD2d 567) notwithstanding the fact that the merits were fully addressed by both sides. However, on the merits, based on the record before us, we conclude that the infant petitioner's application for leave to serve a late notice of claim should not have been granted *(see, Matter of Soe v County of Westchester,* 142 AD2d 584). "In deciding whether leave to file a late notice of claim should be granted, the key factors are whether the petitioner has demonstrated a reasonable excuse for failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose (General Municipal Law § 50-e [1]) or a reasonable time thereafter and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits *(Braverman v City of White Plains,* 115 AD2d 689, 690)" *(Matter of Perry v City of New York,* 133 AD2d 692, 693).

In the instant case, the claim of sexual abuse arose during the time the infant petitioner was in attendance at the day-care facility operated between November 1980 and December 1981. The infant's mother allegedly failed to discover the alleged sexual assault until August 1985 at which time the subject facility had already been closed by the respondents and the principals thereof had been arrested and indicted. The initial application to serve a late notice of claim emanating from the incident was not made until March 1986.

The infant petitioner has failed to allege adequate facts to establish that the respondents had acquired actual knowledge of the essential facts constituting the subject claim within 90 days after the claim arose or within a reasonable time thereafter *(see,* General Municipal Law § 50-e [1]; *Matter of Katz v Rockville Centre Union Free School Dist.,* 131 AD2d 574, 575, *lv denied* 71 NY2d 801; *Fox v City of New York,* 91 AD2d 624). Nor did the proposed notice of claim meet the specificity

requirement of General Municipal Law § 50-e (2). In addition, the respondents' ability to investigate the matter has been severely prejudiced *(see, Matter of Hogan v Town of Orangetown,* 108 AD2d 857; *see also, Montana v City of New York,* 96 AD2d 1031).

Under the circumstances, the infant petitioner's reapplication for leave to serve a late notice of claim should have been denied on the merits. Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.