■ ROSLYN EAGLE, Respondent, v CITY OF YONKERS et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), dated January 8, 1987, which granted the plaintiff's motion for leave to serve an amended notice of claim and amended verified complaint.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, and the plaintiff's motion is denied.

The original notice of claim in this case, which was filed approximately two months after the September 25, 1985, accident, alleged that the plaintiff was injured when she tripped over an upraised tree trunk in Trevor Park, Yonkers, New York. The accident actually occurred some distance away at Hudson-Fulton Park. The notice of claim was patently

inadequate with respect to setting forth "the place where * * * the claim arose" (General Municipal Law § 50-e [2]; *see, Caselli v City of New York,* 105 AD2d 251, 252). As a result, the defendants were clearly prejudiced because the mistake in the notice made it impossible to locate the purported defect and to conduct a meaningful investigation *(see, Fendig v City of New York,* 132 AD2d 520; *Matter of Malla v City of New York,* 129 AD2d 580, *lv dismissed* 70 NY2d 796; *Martire v City of New York,* 129 AD2d 567, *lv denied* 70 NY2d 609). Moreover, the description of the location of the accident within the park was also insufficient. Even if the notice of claim had identified the correct park, it would have been difficult, if not impossible, for the defendants to have located the "upraised tree trunk" because no other location or description was provided *(see, Caselli v City of New York, supra; Faubert v City of New York,* 90 AD2d 509).

The prejudice to the defendants was not dissipated by the fact that more than 14 months after the date of injury, the plaintiff provided the city with the correct location. The plaintiff's assertion that the tree root was in the same condition 14 months after the claim arose did not enable the city to conduct a meaningful investigation *(see, Matter of Malla v City of New York, supra; Mazza v City of New York,* 112 AD2d 921). Furthermore, the city's request to adjourn the hearing scheduled pursuant to General Municipal Law § 50-h for April 11, 1986, in no way alleviated the plaintiff's statutory burden to accurately and specifically identify the location of the accident. The 90-day period for filing a notice of claim expired over three months before the requested adjournment *(see,* General Municipal Law § 50-e [1] [a]). Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to amend the notice of claim. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.