■ MARY A. WILLIAMS, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcher-

son, J.), dated June 8, 1988, which denied her motion for leave to serve an amended notice of claim and an amended verified complaint.

Ordered that the order is modified by deleting the provision thereof which denied the plaintiff's motion for leave to serve an amended notice of claim and amended verified complaint on the defendant City of New York and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements, and the amended notice of claim and amended complaint annexed to the plaintiff's motion papers are deemed served upon the defendant City of New York.

A court may, in its discretion, grant a motion for leave to amend a notice of claim (General Municipal Law § 50-e [6]) when it determines that two conditions have been met: first, the mistake, omission, irregularity or defect in the original notice must have been made in good faith; and, second, it must appear that the public corporation has not been prejudiced thereby (Caselli v City of New York, 105 AD2d 251, 254). There is no claim in this case that the original notice of claim was prepared in bad faith. However, there was proof submitted by the defendant New York City Transit Authority that the delay in identifying the actual location of the accident deprived it of an adequate opportunity to investigate the claim (see, Eagle v City of Yonkers, 143 AD2d 626; Matter of Malla v City of New York, 129 AD2d 580). In this case, which involves an allegedly defective condition on a street, the original notice of claim, which named the wrong street, was patently insufficient with respect to setting forth "the place where and the manner in which the claim arose" with adequate specificity (General Municipal Law § 50-e [2]). The assertion by the New York City Transit Authority that records of temporary bus stops on the block of the accident were not available was uncontradicted.

By contrast, the City of New York submitted no opposition to the plaintiff's motion and, consequently, claimed no prejudice. Indeed, the Supreme Court specifically found prejudice to the New York City Transit Authority only. Accordingly, the motion for leave to serve an amended notice of claim and complaint should have been granted with respect to the City of New York. Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.