■ In the Matter of JOHN L. SULLIVAN et al., Respondents,

v Lindenhurst Union Free School District No. 4 et al., Defendants, and Town of Babylon, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the Town of Babylon appeals from (1) so much of an order of the Supreme Court, Suffolk County (Tannenbaum, J.), dated March 7, 1990, as converted the application into a special proceeding, granted the petition as to John Sullivan, and denied the appellant's motion to dismiss, and (2) an order of the same court, entered March 26, 1990, which denied the appellant's motion to strike a physician's letter.

Ordered that the order dated March 7, 1990, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered March 26, 1990, is affirmed, without costs or disbursements.

In the absence of a pending action, an application for leave to serve a late notice of claim must be brought as a special proceeding (see, Rogers v New York City Hous. Auth., 169 AD2d 763; Matter of Eso v County of Westchester, 141 AD2d 542; see also, Farber v County of Hamilton, 158 AD2d 902). However, contrary to the appellant's contention, dismissal of the proceeding was not required on that ground. Where, as here, the court has obtained jurisdiction over the parties, it shall not dismiss an action for lack of proper form but must "make whatever order is required for its proper prosecution" (CPLR 103 [c]; see, Matter of Kovarsky v Housing & Dev. Admin., 31 NY2d 184). We find that the court properly treated the petitioners' application as a special proceeding.

Furthermore, under the circumstances of this case, the court did not improvidently exercise its discretion in granting the application as to John Sullivan (see, Matter of Kareca Lashawn J. v County of Westchester, 142 AD2d 729; Braverman v City of White Plains, 115 AD2d 689). Nor did the court err in denying the appellant's motion to dismiss for failure to state a cause of action. Inasmuch as no underlying action had yet been commenced, there was no cause of action to be dismissed (see, CPLR 3211).

We have examined the appellant's remaining contentions and find them to be without merit. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.