■ In the Matter of MAE SHELDEN et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, Bronx County (Howard Silver, J.), entered January 9, 1991, which granted petitioners' motion for leave to serve a late notice of claim, unanimously affirmed, without costs.

Petitioner Mae Shelden was allegedly injured on November 17, 1989, when she tripped and fell on a raised portion of the sidewalk in front of premises allegedly operated by respondent Housing Authority. She retained counsel on January 5, 1990, and served a timely notice of claim on the City of New York

on February 5, 1990. Upon receiving notice from the City, by letter dated May 22, 1990, that respondent Housing Authority "may be responsible" for the happening of the accident, petitioner, by application dated July 23, 1990, sought leave to serve on it an untimely notice of claim. We agree with the IAS court that there was excusable error concerning the identity of the public corporation against which the claim should be asserted and that respondent has not shown that the delay in obtaining the notice, and consequent inability to conduct a prompt investigation, caused it any prejudice. We would observe that respondent still has not yet undertaken to investigate the location of the accident. *Chattergoon v New York City Hous. Auth.* (161 AD2d 141, 142, *affd* 78 NY2d 958), insofar as it held that an excuse "amounting * * * to 'law office failure' " is inadequate, is not to the contrary, as counsel here, unlike counsel in *Chattergoon,* did not have timely access to all of the facts underlying respondent's possible liability. Concur—Murphy, P. J., Wallach, Kupferman, Asch and Smith, JJ.