(April 12, 1993)

■ MELANIE ANSELMO, an Infant, by CARMINE ANSELMO, Her Parent and Natural Guardian, et al., Respondents, et al., Plaintiffs, v COUNTY OF NASSAU, Appellant. [596 NYS2d 128] —In a negligence action to recover damages for personal injuries, etc., the defendant County of Nassau appeals from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered April 9, 1991, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as it is asserted on behalf of the infant plaintiff on the ground that the notice of claim was fatally deficient, and granted that branch of the plaintiffs' cross motion which was for leave to serve an amended notice of claim on behalf of the infant plaintiff.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' cross motion which is for leave to serve an amended notice of claim on behalf of the infant plaintiff is denied, and that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as it is asserted on behalf of the infant plaintiff is granted.

We agree with the defendant's argument that the Supreme Court improvidently exercised its discretion by granting the infant plaintiff leave to serve an amended notice of claim. A court may, in its discretion, grant an application for leave to serve an amended notice of claim (see, General Municipal Law § 50-e [6]) when the mistake, omission, irregularity, or defect in the original notice of claim was made in good faith, and the defendant public corporation has not been prejudiced thereby (see, Illera v New York City Tr. Auth., 181 AD2d 658; Williams v City of New York, 156 AD2d 361). In the instant case, although there was no indication of bad faith attributable to the plaintiffs, it is clear that the defendant was prejudiced by the omissions in the original notice of claim.

The infant plaintiff was injured on February 8, 1986, while sledding down a hill in a county park. She allegedly collided with a concrete park bench that had been negligently placed

at the foot of this designated sledding hill. Her notice of claim served on or about February 20, 1986, however, did not specify where in the park the collision occurred or how it occurred. The original notice merely stated that the infant plaintiff sustained "[s]evere personal injury" in that "[a]t approximately 1:30 P.M., on February 8, 1986, at the Cedar Creek Park, Seaford, New York; infant injured in collision with cement park bench". By letter dated March 6, 1986, the county rejected this notice of claim pending receipt of adequate information as to the exact location of the collision and the circumstances giving rise to the infant plaintiff's injury. The plaintiffs never responded to this request and it was not until the complaint was served in July 1990 that the defendant was first apprised as to how the infant plaintiff's injuries occurred. The county established that this delay of over four years prejudiced it in its ability to promptly and adequately investigate the claim *(see, Illera v New York City Tr. Auth.,* 181 AD2d 658, *supra; Williams v City of New York,* 156 AD2d 361, *supra; Serrano v City of New York,* 143 AD2d 652). Indeed, from the vague and overly encompassing reference to a cement park bench in Cedar Creek Park as the situs of the collision, it was virtually impossible for the county to have located or investigated the scene because no other location or description was provided *(see, Eagle v City of Yonkers,* 143 AD2d 626). Accordingly, the complaint should have been dismissed in its entirety. Thompson, J. P., Lawrence, Miller and Pizzuto, JJ., concur.