■ MICHAEL PECCHIO, Appellant, v NATIONAL SAFETY ENVIRONMENTAL et al., Defendants, and NEW YORK CITY SCHOOL

CONSTRUCTION AUTHORITY, Respondent. [621 NYS2d 665] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 7, 1993, which denied his application pursuant to Public Authorities Law § 1744 for leave to serve a late notice of claim upon the New York City School Construction Authority.

Ordered that the order is affirmed, with costs.

In deciding an application for leave to serve a late notice of claim, the court must consider, *inter alia,* whether the plaintiff has demonstrated a reasonable excuse for the delay, whether the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the municipal entity's opportunity to investigate and defend against the claim was substantially prejudiced by the delay *(see,* Public Authorities Law § 1744; General Municipal Law § 50-e [5]; *Matter of Perry v City of New York,* 133 AD2d 692). In the present case, the plaintiff contends that his delay in seeking leave to serve a late notice of claim upon the New York City School Construction Authority (hereinafter the SCA) is excusable because he and his counsel were unaware of the existence of the SCA and instead served a notice of claim upon the New York City Board of Education. Assuming, *arguendo,* that the plaintiff's confusion regarding the identity of the proper entity to sue constitutes an acceptable excuse for the delay *(see generally,* General Municipal Law § 50-e [5]; *Matter of Shelden v New York City Hous. Auth.,* 180 AD2d 551; *Baldeo v City of New York,* 127 AD2d 809), the plaintiff nevertheless failed to demonstrate that the SCA had acquired actual knowledge of the essential facts constituting the claim within a reasonable time after the claim arose *(see, e.g., Matter of Tricomi v New York City Hous. Auth.,* 191 AD2d 447; *Matter of D'Andrea v City of Glen Cove Pub. Schools,* 143 AD2d 747). We note that the plaintiff's conclusory and speculative assertion that the New York City Board of Education probably shared its actual knowledge of the claim with the SCA is inadequate for this purpose. Furthermore, it appears that the SCA would be substantially prejudiced if late service of the notice of claim were to be permitted. Accordingly, we discern no improvident exercise of discretion in the Supreme Court's denial of the plaintiff's application. Sullivan, J. P., Thompson, Copertino and Pizzuto, JJ., concur.