■ In the Matter of BRIAN GUARNERI et al., Respondents, v TOWN OF OYSTER BAY, Appellant. [638 NYS2d 711] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Nassau County (Feuerstein, J.), dated December 1, 1994, which granted the application.

Ordered that the order is affirmed, with costs.

The appellant's contention that the Supreme Court lacked jurisdiction to determine the petitioners' application is without merit. Since no action was pending at the time the application was made, the petitioners were required to seek leave to serve the late notice of claim by way of a special proceeding. Although the petitioners' order to show cause was not accompanied by a document designated a "petition" (see, CPLR 304), the papers annexed to and in support of the order to show cause fulfilled all of the requirements of a petition and afforded the appellant adequate notice of the claim and of the relief requested. Accordingly, the appellant was not prejudiced by the failure to designate the papers a "petition", and the irregularity may be disregarded (see, CPLR 103 [c]; 2001; see, e.g., Matter of Billone v Town of Huntington, 188 AD2d 526).

It is well settled that an application for leave to serve a late notice of claim is addressed to the sound discretion of the court upon consideration of the factors set forth in General Municipal Law § 50-e (5) (see, Matter of Bischert v County of Westchester, 212 AD2d 529; Matter of Harris v Dormitory Auth., 168 AD2d 560). In this case, the period of delay was relatively brief, the petitioners timely served a notice of claim upon the wrong municipal defendant and then promptly sought leave to serve the appellant shortly after discovering the error, the alleged defect which caused the injuries was permanent rather than transitory in nature so as to permit belated investigation, and the appellant totally failed to allege any specific prejudice to its ability to investigate and defend the claim which would result from the brief delay. Under these circumstances, we discern no improvident exercise of discretion by the Supreme Court in granting the petitioners' application (see, e.g., Matter of Farrell v City of New York, 191 AD2d 698; Matter of Shelden v New York City Hous. Auth., 180 AD2d 551; Matter of Harris v Dormitory Auth., supra; Baldeo v City of New York, 127 AD2d 809). Sullivan, J. P., Pizzuto, Goldstein and Florio, JJ., concur.