■ ARTHUR SHERWOOD et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [641 NYS2d 354] —In an action to recover damages for personal injuries, etc., the New York City Transit Authority and Victoria Adams appeal from an order of the Supreme Court, Queens County (Dunkin, J.), dated December 1, 1994, which granted the plaintiffs' motion pursuant to General Municipal Law § 50-e for leave to serve an amended Notice of Claim to the extent of granting them leave to serve a "new late notice of claim" and denied the cross motion of the New York City Transit Authority and Victoria Adams to dismiss the proceeding.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, the cross motion is granted, and the complaint is dismissed.

On March 11, 1991, the plaintiff Arthur Sherwood served a notice of claim upon the New York City Transit Authority alleging property damage to his car arising out of a December 1, 1990, accident. In April 1991 he settled his property damage claim by executing a general release of all claims arising from the accident. In February 1992 the plaintiffs commenced the instant action. In October 1993 the plaintiffs moved to amend the original notice of claim to add personal injury and loss of services claims after unsuccessfully attempting to convince the New York City Transit Authority to process those claims on the grounds that only the property damage claim had been settled because Arthur Sherwood believed that his execution of the general release encompassed only property damage claims.

It is clear from the record that there was no notice of claim for the Supreme Court to amend in October 1993, since the notice of claim which the plaintiffs sought to amend had been satisfied by the general release executed by Arthur Sherwood and his acceptance of the payment pursuant thereto. While the Supreme Court did not grant that relief, the court improvidently exercised its discretion in granting the plaintiffs leave to serve a "new late notice of claim". The plaintiffs should not have been relieved of the unambiguous terms of the general release which included all claims arising from the December 1, 1990, accident upon a mere assertion by the plaintiff, Arthur Sherwood, that he understood the release to include only property damage claims (see, DeQuatro v Zhen Yu Li, 211 AD2d 609). Neither the amount of the settlement check nor the fact that the check was made payable to the plaintiff's

business in whose name the damaged vehicle was registered, renders the general release vague or ambiguous as to its scope.

Assuming that the personal injury and loss of services claims were not extinguished by the general release, the plaintiffs failed to demonstrate a reasonable excuse for the nearly three-year delay in seeking the court's permission to serve a late notice of claim. In June 1991 they were rebuffed by the New York City Transit Authority in their attempt to have their personal injury claims honored despite the general release. The plaintiffs failed to offer any justification for their inordinate delay in seeking judicial authorization to serve a late notice of claim. In addition, the New York City Transit Authority was substantially prejudiced by this delay, having terminated its investigation of the accident in reliance on Arthur Sherwood's release of all claims (*see,* General Municipal Law § 50-e [5]; *Peccio v National Safety Envtl.,* 211 AD2d 773). Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.