■ NANCY CAVANAGH, Respondent, v MONTICELLO CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant. [660 NYS2d 88] —Casey, J. Appeal from an order of the Supreme Court (Kane, J.), entered March 14, 1996 in Sullivan County, which granted plaintiff's motion for leave to serve an amended notice of claim.

On May 23, 1995, plaintiff fell upon premises owned by defendant Monticello Central School District located in the Village of Monticello, Sullivan County. On August 17, 1995, she served a notice of claim upon the District and defendant Village of Monticello. Five months later, and prior to the commencement of an action, plaintiff moved for permission to file an amended notice of claim pursuant to General Municipal Law § 50-e (6) to correct a mistake in the description of the accident site. Supreme Court granted the motion and the District appeals, arguing that the court lacked the authority to rule on the motion since an action had not been commenced at the time the motion was made and service of a summons and complaint had yet to be effected upon defendants.

General Municipal Law § 50-e (6) specifically provides that an application to correct a mistake in a notice of claim may be made "[a]t any time after the service of a notice of claim". When no action is pending, as is the case herein, such application must be made by the commencement of a special proceeding rather than by motion (*see, Rodriguez v City of New York*, 179 AD2d 560, 561; *see also, Matter of Guarneri v Town of Oyster Bay*, 224 AD2d 695). Dismissal on that ground is not required, however, if personal jurisdiction has been obtained over the defendant (*see, Matter of Sullivan v Lindenhurst Union Free School Dist. No. 4*, 178 AD2d 603, 604; *Matter of Kareca Lashawn J. v County of Westchester*, 142 AD2d 729, 730, *lv denied* 74 NY2d 602). As the District concedes that it was served with the notice of motion and the supporting

papers, we find that personal jurisdiction was acquired over it and dismissal is, therefore, not warranted (*see, Matter of Lannon v Town of Henrietta*, 87 AD2d 980). Plaintiff's failure to properly designate these papers may be disregarded (*see, Matter of Guarneri v Town of Oyster Bay, supra*).

Treating the motion as a special proceeding, which is appropriate in these circumstances (*see*, CPLR 103 [c]; *Matter of Sullivan v Lindenhurst Union Free School Dist. No. 4, supra*, at 604; *see also*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:1a, at 81-82), we find that Supreme Court properly exercised its broad discretion in granting the amendment (*see*, General Municipal Law § 50-e [6]). The mistake, which plaintiff sought to correct only five months after the original notice of claim (*cf., Simms v City of New York*, 207 AD2d 480), was inadvertent and not made in bad faith (*see, Rodriguez v City of New York, supra*). Furthermore, there is no evidence that any prejudice resulted to the District, which chose not to appear or submit any papers in opposition despite notice of the motion (*see, Williams v City of New York*, 156 AD2d 361, 362), especially since belated investigation would be permitted because the alleged defect was permanent rather than transitory in nature (*see, Matter of Guarneri v Town of Oyster Bay, supra*).

Mikoll, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.