■ In the Matter of SHEILA Cox, Respondent, v CITY OF PEEKSKILL et al., Appellants. [747 NYS2d 547]

The Supreme Court providently exercised its discretion in granting the petitioner's application for leave to serve a late notice of claim upon the Peekskill City School District, sued herein as City of Peekskill Board of Education (hereinafter the School District) (*see* General Municipal Law § 50-e [5]; *Matter of Guarneri v Town of Oyster Bay,* 224 AD2d 695).

The petitioner alleged that she was injured in a fall on a sidewalk, and she timely served a notice of claim upon the City of Peekskill and the Peekskill Department of Sanitation. Upon learning that the School District actually owned the property where she fell, the petitioner promptly served a notice of claim upon that entity. Under the circumstances, and in view of the minimal delay, we agree with the Supreme Court that the petitioner's error concerning the identity of the municipal entity upon which the notice of claim was to be served was excusable (*see Matter of National Sur. Corp. v Town of Greenburgh,* 266 AD2d 550, 551; *Matter of Guarneri v Town of Oyster Bay, supra; Matter of Harris v Dormitory Auth. of State of N.Y.,* 168 AD2d 560).

The School District failed to show that the delay in service of the notice of claim hampered its ability to conduct an investigation. The snow and ice condition which allegedly caused the accident undoubtedly would have changed even if the notice of claim was timely served (*see Hoffman v New York City Hous. Auth.,* 187 AD2d 334, 337). Furthermore, interviews with witnesses take on added importance in cases involving short-lived conditions such as snow and ice, and the petitioner provided statements from two witnesses who observed the condition of the sidewalk at the time of her accident (*cf. Aviles v City of New York,* 202 AD2d 530). Under the circumstances, the School District failed to demonstrate that it was substantially prejudiced in preparing a defense. Florio, J.P., O'Brien, Friedmann, Adams and Crane, JJ., concur.