■ NANCY E. HEWITT, Individually and as Executor of EARLE W. HEWITT, Deceased, Appellant, v COUNTY OF RENSSELAER, Respondent, et al., Defendant. [775 NYS2d 112]—

Crew III, J. Appeal from an order of the Supreme Court (Canfield, J.), entered March 25, 2003 in Rensselaer County, which, inter alia, granted a motion by defendant County of Rensselaer for summary judgment dismissing the complaint against it.

At all times relevant hereto, plaintiff and her father, the latter of whom is now deceased, were the owners of certain real property located in the Town of Petersburgh, Rensselaer County. The property in question consists of, inter alia, a barn, which is located near the east shoulder of County Route 92. County Route 92, in turn, is maintained by defendant County of Rensselaer and, in the vicinity of plaintiff's property, was last resurfaced in 1992.

In or about June 1999, plaintiff and her father observed an increase in water runoff from County Route 92 onto their property, which they attributed to the resurfacing of the road some seven years earlier. According to plaintiff, she and her father did not observe any actual damage to their property until April 2000, at which time they observed a hole in the ground approximately 30 inches wide and 24 inches deep along the north edge of the barn. Further examination allegedly revealed structural damage to the barn, including bulging and movement in the foundation wall. Written notice of this problem was provided to the County by letter dated May 30, 2000.

Plaintiff and her father thereafter filed a notice of claim against the County and defendant Town of Petersburgh* on or about October 2, 2000 and commenced this action on or about March 13, 2001. Following joinder of issue, the County moved for summary judgment dismissing the complaint against it contending, inter alia, that plaintiff failed to timely serve a notice of claim pursuant to General Municipal Law §§ 50-e and 50-i, and plaintiff cross-moved for permission to serve a late notice of claim. Supreme Court granted the County's motion and denied plaintiff's cross motion, prompting this appeal.

We affirm. Pursuant to General Municipal Law § 50-e (1) (a), in an action against a public corporation, a notice of claim must be served within 90 days after the claim arises (*see Pryor v Serrano*, 305 AD2d 717, 718 [2003]). According to plaintiff, her claim against the County arose on or about June 22, 1999. The notice of claim, however, was not served until October 2, 2000—well beyond the 90-day period—and, hence, was untimely. To the extent that plaintiff contends that no notice of claim was required because the County affirmatively created the condition complained of by its 1992 resurfacing of County Route 92 (citing *Hendrickson v City of Kingston*, 291 AD2d 709 [2002], *appeal dismissed and lv denied* 98 NY2d 662 [2002]), two points are worth noting. First, as Supreme Court aptly observed, the cited case carves out an exception to local laws requiring prior written notice of defects; no similar exception exists with regard to General Municipal Law § 50-e. Second, even assuming such an exception exists, the record is devoid of any evidence—save plaintiff's conclusory assertion—that the County's 1992 resurfacing of County Route 92 was what caused the increased water runoff onto plaintiff's property some seven years later.

As the underlying notice of claim plainly is untimely, the issue distills to whether Supreme Court abused its discretion in denying plaintiff's cross motion for permission to serve a late notice of claim. In this regard, it is well settled that Supreme Court is vested with broad discretion in deciding whether to grant an application for leave to serve a late notice of claim, provided such application is made prior to the expiration of the one year and 90-day statute of limitations (*see Matter of Lanphere v County of Washington*, 301 AD2d 936, 937 [2003]). Such determination, in turn, requires consideration of a variety of factors, including, insofar as is relevant to this action, whether the County had actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether plaintiff set forth an adequate excuse for the

---

* There is no indication that the Town has appeared in this action.

delay and, finally, the extent to which the County would be prejudiced by granting the application (*see Matter of Lacey v Village of Lake Placid*, 280 AD2d 863 [2001]).

Inasmuch as plaintiff did not seek permission to serve a late notice of claim until February 2003—almost four years after her claim arose and more than two years after service of the original notice of claim—we find that plaintiff's application was untimely and should have been denied on that basis. Moreover, based upon consideration of the relevant factors, we perceive no abuse of discretion in Supreme Court's denial of plaintiff's application. With regard to the County's knowledge of the underlying events, while it may be true that the County was aware of the purported increase in water runoff as of June 1999, the point at which plaintiff contends her claim arose, the County plainly was not (and indeed could not have been) aware of the crux of plaintiff's claim—namely, the structural damage to plaintiff's barn—at that point in time. Notably, plaintiff acknowledges that she was not aware of the erosion around the barn's foundation and/or the shifting and bulging that allegedly occurred until April 2000—some 10 months later. Hence, we are not persuaded that the County had knowledge of the essential facts within the 90-day period. As to the issue of prejudice, Supreme Court correctly observed that the erosion situation changed dramatically from June 1999 to April 2000 and, as the County was not on notice that plaintiff's barn was on the "verge of collapse from water running off the highway," the County would be significantly prejudiced by permitting plaintiff to recover for damages sustained during that period. Plaintiff's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.