■ In the Matter of DEMITRIS LENNON, Respondent, v ROOSEVELT UNION FREE SCHOOL DISTRICT et al., Appellants. [775 NYS2d 537]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to file a late notice of claim, Roosevelt Union Free School District and Ulysses Byas Elementary School appeal from an order of the Supreme Court, Nassau County (Segal, J.), dated May 8, 2003, which granted the claimant's motion for leave to file a late notice of claim.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, and the motion is denied.

The infant claimant alleges that he was injured in December 2001 when he fell on the stairs at his elementary school. He further alleges that he fell because he was directed by a teacher to carry a crate of materials which was too heavy for him. Approximately 11 months later, although no action had been commenced, the claimant moved for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e. The Supreme Court denied the motion without prejudice to renew upon proper supporting papers. Thereafter the Supreme Court granted the claimant's second motion for leave to file a late notice of claim despite the failure to commence a special proceeding in the absence of a pending action.

It is well settled that "[i]n the absence of a pending action, an application for leave to serve a late notice of claim must be brought as a special proceeding" (*Matter of Sullivan v Lindenhurst Union Free School Dist.,* 178 AD2d 603, 604 [1991]; *see Cavanagh v Monticello Cent. School Dist.,* 241 AD2d 654 [1997]; *Rogers v New York City Hous. Auth.,* 169 AD2d 763 [1991]). Nevertheless, under the circumstances of this case, denial of the claimant's second motion on this ground would have been unwarranted (*see Cavanagh v Monticello Cent. School Dist., supra*).

However, the Supreme Court improvidently exercised its discretion in granting the claimant's motion for leave to file a late notice of claim. The claimant's mother did not offer a reasonable excuse for the delay in seeking leave to file a late notice after she became aware of the requirement to do so (*see Matter of Smith v Otselic Val. Cent. School Dist.,* 302 AD2d 665 [2003]; *see also Saafir v Metro-N. Commuter R.R. Co.,* 260 AD2d 462 [1999]). Nor was there any showing of a nexus between the claimant's infancy and the delay (*see Perre v Town of Poughkeepsie,* 300 AD2d 379 [2002]).

Moreover, there was no evidence that the appellants acquired actual knowledge of the essential facts constituting the proposed claim within 90 days or a reasonable time thereafter "so as to obviate prejudice to [them]" (*Matter of Ryder v Garden City School Dist.,* 277 AD2d 388 [2000]; *see Matter of Dunlea v Mahopac Cent. School Dist.,* 232 AD2d 558 [1996]).

Accordingly, as the claimant failed to meet any of the criteria necessary for the granting of leave to file a late notice of claim, the Supreme Court improvidently exercised its discretion in granting the motion. Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.