In the Matter of Darrell Isereau, Respondent, v Brushton-Moira School District, Appellant. (Proceeding No. 1.) [776 NYS2d 129]—

Mugglin, J. Appeals from two orders of the Supreme Court (Demarest, J.), entered April 28, 2003 and May 5, 2003 in Franklin County, which, inter alia, granted petitioners' applications pursuant to General Municipal Law § 50-e (5) for leave to file late notices of claim.

In these consolidated appeals, we are asked to reverse Supreme Court's grant of leave to file late notices of claim against respondent Brushton-Moira School District and its high school. On August 19, 2002, petitioners Darrell Isereau and Jason K. Houghton, employees of Bette & Cring, LLC, the general contractor on a District construction project, were injured while erecting a greenhouse. Isereau and Houghton were installing an aluminum main header beam when the ladder upon which one of them was standing slipped, causing both to fall approximately 15 feet to the concrete floor. Isereau struck his head and was rendered unconscious. Houghton sustained a visible injury to his knee. Both were transported by ambulance to a local hospital. Two District employees responded to the accident scene—the head custodian and the "clerk of the works"— and they observed the injured workers and learned the essential facts of the accident.

By order to show cause filed January 24, 2003, Isereau sought leave to file a late notice of claim against the District based upon alleged violations of Labor Law §§ 200, 240 and 241 (6), and common-law negligence. According to the papers submitted in support of the order to show cause, Isereau suffered from dizziness, lapse of memory, confusion and lack of concentration to the date of his application. Further, he asserts that he was unaware of the legal requirements regarding the filing of a notice of claim until he met with an attorney on December 4, 2002. He

contends that leave to serve the late notice of claim should be allowed due to the shortness of the delay, the District's likely notice of the essential facts of the accident, his incapacity and the lack of demonstrable prejudice to the District.

The application for leave to serve a late notice of claim against the District and its high school by Houghton and his wife was brought on by order to show cause filed February 21, 2003. Asserting the same claims therein as Isereau, the Houghtons urge that their application should be granted since the District had knowledge of the accident through at least two of its employees, Houghton was unaware of the permanency of his knee injury, that prior to seeing an attorney on January 23, 2003, he was mentally and physically incapacitated, and there is no demonstrable prejudice to the District's ability to defend their claim.

Respondents argue that Supreme Court improperly granted leave to file the late notices of claim since petitioners failed to present an adequate or reasonable excuse for their failure to comply with the notice requirement, the District did not receive timely notice of the facts constituting the claim, and substantial prejudice resulted from the disclaimer of the District's insurance carriers due to the lack of timely notice of the incident, as well as other factors impacting the District's ability to defend.

To maintain a tort action against a school district, a notice of claim must be filed within 90 days after the claim arises (*see* General Municipal Law § 50-e; Education Law § 3813 [2]). However, the service of a late notice of claim may be authorized in the trial court's discretion after consideration of various factors, including, but not limited to, the statutory factors of (1) whether a reasonable excuse for the delay was presented, (2) whether the school district or its agents had actual knowledge of the essential facts of the claim within 90 days after the claim arose, and (3) whether the delay in service of the notice of claim substantially prejudiced the ability to defend the claim on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Lanphere v County of Washington*, 301 AD2d 936, 937 [2003]; *Matter of Welch v Board of Educ. of Saratoga Cent. School Dist.*, 287 AD2d 761, 762 [2001]). Further, it is well settled that absent a clear abuse of discretion, Supreme Court's determination of an application for leave to serve a late notice of claim will not be disturbed (*see Matter of Spaulding v Cobleskill-Richmondville Cent. School Dist.*, 289 AD2d 860, 860 [2001]).

Although there is neither a written nor oral decision of Supreme Court, after careful review of the record and consideration of the relevant statutory factors, we can find no clear abuse of discretion which would warrant disturbing Supreme

Court's determination. To the extent that petitioners seek to excuse their failure to file timely notices of claim based on claims of mental and physical incapacity as a result of the injuries sustained in the fall, we are unpersuaded. Only Isereau's and Houghton's conclusory assertions support the claim that their conditions precluded them from contacting an attorney (*see Matter of Jensen v City of Saratoga Springs*, 203 AD2d 863, 864 [1994]). Petitioners do not seek to excuse the delay between first contacting an attorney and the application to Supreme Court (*see Matter of Cuda v Rotterdam-Mohonasen Cent. School Dist.*, 285 AD2d 806, 807 [2001]). Further, the record suggests that six weeks after the accident, Isereau no longer needed assistance with respect to his medications or decision-making in general. As to Houghton, we note that despite his claimed physical and mental incapacities, from September 2002 to December 2002, he traveled regularly from his home in Jefferson County to the Town of Gouverneur, St. Lawrence County for the purpose of physical therapy.

Nevertheless, denial of the applications for leave to file late notices of claim is not required where actual notice was had and there is no compelling showing of prejudice (*see Matter of Lanphere v County of Washington, supra* at 938-939). The District acquired actual notice of the essential facts of the claim shortly after the accident through its head custodian and clerk of the works, agents of the District, sufficient to allow the District to undertake the necessary investigation to defend a potential claim. The District's claim that it did not consider the matter serious since the injuries did not appear serious is belied by the record. Both District employees knew that Isereau was transported, unconscious, from the scene and that Houghton left the scene with an open fracture of his knee. Moreover, it is clear that the District Superintendent was aware of the accident and consciously concluded that neither the District's liability nor its workers' compensation insurance was implicated.

Respondents' claim of substantial prejudice is unpersuasive. The substantial prejudice envisioned by the statute arises from circumstances which directly impact the ability to defend the potential claim on the merits. Although disclaimer of insurance coverage is potentially costly to the District, it has absolutely no impact on the District's ability to defend the claim on the merits. Moreover, as noted, the disclaimer occurred because the District Superintendent failed to report the accident to the liability insurance carrier, not from petitioners' failure to serve a timely notice of claim. Substantial prejudice within the meaning of the statute cannot be created by this simple expedient particularly

where, as here, there is no dispute that actual notice of the accident was seasonably obtained.

As a final matter, we find no merit to respondents' remaining assertions of prejudice. While the clerk of the works may no longer be an employee of the District, the record reveals no suggestion that he is unavailable to assist in the defense of this claim. Likewise, although the accident is transitory in nature, there is no evidence to suggest that the ladder or ladders involved in the incident are currently unavailable for inspection or that, given the nature of the potential claims and the manner in which the alleged incident occurred, defense counsel has presented no evidence that physical inspection of the ladder or ladders is material to the defense of the claim on the merits. Thus, we conclude that Supreme Court did not abuse its discretion in granting petitioners leave to serve late notices of claim.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.