■ JODY A. HALLETT, Respondent, v CITY OF ITHACA, Appellant. [778 NYS2d 321]—

Crew III, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered October 20, 2003 in Tompkins County, which, inter alia, denied defendant's motion to dismiss the complaint.

On March 1, 2002, plaintiff fell and injured herself in a parking garage owned by defendant. Thereafter, on May 31, 2002 (91 days following her fall), plaintiff served a notice of claim on defendant. Following a General Municipal Law § 50-h examination, plaintiff commenced this personal injury action on May 19,

2003. On June 4, 2003, defendant's counsel requested and was granted an extension of time to respond to the complaint until June 27, 2003. On that date, defendant moved to dismiss the complaint on the ground that the notice of claim was not timely filed and permission to file a late notice was neither sought nor granted. Plaintiff cross-moved for, inter alia, an order compelling defendant to accept her notice of claim. Supreme Court denied defendant's motion, granted plaintiff's cross motion and this appeal ensued.

We reverse. It is axiomatic that service of a notice of claim within 90 days of the date of an accident is a condition precedent to the filing of a tort action against a municipality (*see* General Municipal Law § 50-e [1] [a]). And while a court may authorize the late filing of a claim or order that a late filed claim be deemed timely nunc pro tunc, it may not do so where the statute of limitations has expired (*see Schwinghammer v Sullivan W. Cent. School Dist.*, 2 AD3d 1126, 1126-1127 [2003]). Here, the statute of limitations expired on June 1, 2003, three days before plaintiff sought an extension of time and, thus, Supreme Court was powerless to deem the late filing timely. Contrary to Supreme Court's holding, defendant did not waive its right to assert the untimeliness of the notice of claim by conducting a General Municipal Law § 50-h hearing (*see Rodriguez v City of New York*, 169 AD2d 532, 533 [1991]).

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, defendant's motion granted, plaintiff's cross motion denied, and complaint dismissed.