In the Matter of TARA V., as Administrator of the Estate of JOSEPH V., Deceased, Respondent, v COUNTY OF OTSEGO, Appellant. [785 NYS2d 553]—

Peters, J.P. Appeal from an order of the Supreme Court (Monserrate, J.), entered March 26, 2003 in Otsego County, which granted an application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

In December 2001, decedent was injured after falling to the ground from a hole on the third floor of a commercial building located in the Town of Harwick, Otsego County. Immediately following the accident, members of the Otsego County Sheriff's Department and the Code Enforcement Office arrived and began their investigation. Decedent remained in a coma and Jon Simonson was appointed as his guardian in September 2002. Simonson retained counsel in November 2002 and this action

---

2. Plaintiff, born in 1944, cannot reach full benefits from Social Security until the age of 66.

was commenced in February 2003. Supreme Court granted an application to file a late notice of claim and this appeal ensued.[1]

To maintain a tort action against a municipal defendant, a notice of claim must be served within 90 days of the date of the accident (*see* General Municipal Law § 50-e [1] [a]; § 50-i [1]; *Hallett v City of Ithaca,* 8 AD3d 870, 871 [2004], *lv denied* 3 NY3d 608 [2004]). However, a court, in its discretion, may extend that time after a consideration of various factors, including "whether the [municipality] had actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether . . . [there was] an adequate excuse for the delay and . . . [whether] the [municipality] would be prejudiced" (*Hewitt v County of Rensselaer,* 6 AD3d 842, 843-844 [2004]; *see* General Municipal Law § 50-e [5]; *Matter of Crocco v Town of New Scotland,* 307 AD2d 516, 517 [2003]). Such determination will not be disturbed absent a clear abuse of discretion (*see Matter of Isereau v Brushton-Moira School Dist.,* 6 AD3d 1004, 1005 [2004]).

Upon our review, we find no abuse of discretion. Respondent's contention that it did not have actual knowledge of the essential facts constituting the claim within the applicable period is belied by the record. The Code Enforcement Office originally approved plans for the construction of this building in 1997 and, in March 1998, issued a temporary certificate of occupancy for use of the first floor only.

When decedent fell, both the Sheriff's Department and the Code Enforcement Office were summoned to the accident scene. The Sheriff's Department conducted an immediate investigation, interviewing witnesses, recording data and taking photographs. Notes from its investigative file, as well as a report from the Code Enforcement Office, indicate that all essential facts were available immediately at that time. The accident was also immediately reported to respondent's counsel and the State Division of Code Enforcement. Thereafter, decedent's insurer and counsel received all reports and files from respondent pursuant to the Freedom of Information Law (*see* Public Officers Law art 6). From these facts, we find that respondent was alerted to its potential liability in a timely manner (*see Matter of Isereau v Brushton-Moira School Dist., supra* at 1006; *Matter of Welch v Board of Educ. of Saratoga Cent. School Dist.,* 287 AD2d 761, 763-764 [2001]; *Matter of Lacey v Village of Lake Placid,* 280 AD2d 863, 864 [2001]).

---

1. Subsequent to the filing of this appeal, decedent passed away and his daughter was appointed administrator of his estate. Pursuant to an August 2004 order of this Court, she was substituted for Simonson and the caption was amended accordingly.

We further find a reasonable excuse for the delay. Decedent never regained consciousness following the accident, making the extent of his injuries not immediately ascertainable (*see* General Municipal Law § 50-e [5]; *Matter of Welch v Board of Educ. of Saratoga Cent. School Dist., supra* at 763; *Matter of Lacey v Village of Lake Placid, supra* at 864). Further, the appointment of a guardian was litigated (*see Matter of Joseph V.,* 307 AD2d 469 [2003]), and such guardian was required to retain counsel to commence this matter.

Nor do we find that prejudice would enure to respondent by permitting an extension to file since all necessary information was collected during the course of its prompt investigation. Even with a change in certain physical aspects of the site, respondent has failed to allege any prejudice, including the unavailability of key witnesses. For all of these reasons, Supreme Court properly granted the motion.[2]

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. While we recognize that the application was improperly commenced as a motion, we find Supreme Court to have properly elected to treat the motion as a special proceeding (*see* CPLR 103 [c]; *Matter of Lennon v Roosevelt Union Free School Dist.,* 6 AD3d 713, 714 [2004]; *Cavanagh v Monticello Cent. School Dist.,* 241 AD2d 654, 655 [1997]; *Matter of Sullivan v Lindenhurst Union Free School Dist. No. 4,* 178 AD2d 603, 604 [1991]).