**Ky Tong Tang v New York City Tr. Auth.**

2024 NY Slip Op 34321(U)

December 9, 2024

Supreme Court, New York County

Docket Number: Index No. 160343/2023

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. RICHARD A. TSAI**                PART          21

                                    *Justice*

-------------------------------------------------------------------------------X

KY TONG TANG, DAVID HUNG, TO NHU TANG, SUSAN TANG, MEE KUEN HUNG, DAVID HUNG, as f/n/g of J.H., DAVID HUNG, as f/n/g of N.C., and DAVID HUNG, as f/n/g of J.H.,

Petitioners,

- v -

NEW YORK CITY TRANSIT AUTHORITY,

Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160343/2023 |
| MOTION DATE | 10/20/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION, ORDER + JUDGMENT ON PETITION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1-27

were read on this petition for                 LEAVE TO SERVE A LATE NOTICE OF CLAIM   .

Upon the foregoing documents, it is **ADJUDGED** that the petition to serve a late notice of claim upon respondent is **GRANTED**, and the proposed notice of claim annexed as Exhibit E to this petition (NYSCEF Doc. No. 8) is deemed timely served upon respondent upon service of a copy of this decision, order, and judgment upon respondent with notice of entry; and it is further

**ORDERED** that petitioners shall commence an action and purchase a new index number in the event a lawsuit is filed arising from the notice of claim deemed timely served upon respondent.

In this proceeding, petitioners seek leave to serve a late notice of claim upon respondent New York City Transit Authority (NYCTA), which alleges that, on July 6, 2023, they were passengers on a tour bus who were allegedly injured in a motor vehicle collision with an X38 bus allegedly owned and operated by the NYCTA, due to the NYCTA's negligence (*see* petitioners' Exhibit E in support of petition [NYSCEF Doc. No. 8]).  The NYCTA opposes the petition.

## DISCUSSION

Where an action against the NYCTA is founded on a tort (except for wrongful death), Public Authorities Law § 1212 (2) requires service of a notice of claim upon the NYCTA, prior to the commencement of the action, "within the time limited by and in compliance with all of the requirements of section [50-e] of the general municipal law."

[* 1]

Under General Municipal Law § 50-e (5), courts have discretion to grant an extension of time for service of a notice of claim. "The burden of production is on the petitioner in a special proceeding, and the court applies settled summary judgment standards, under which the party seeking relief must establish entitlement to judgment as a matter of law by submitting admissible evidence" (*Matter of Jaime v City of New York*, 41 NY3d 531, 542 [2024] [internal citations and quotations omitted]).

"In determining whether to grant or deny leave to serve a late notice of claim, the court must consider 'in particular' whether the municipality 'acquired actual knowledge of the essential facts constituting the claim within [90 days of the claim's accrual] or within a reasonable time thereafter.' Courts are to place 'great weight' on this factor, which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence" (*Matter of Jaime*, 41 NY3d at 540 [2024] [internal citations omitted]).

"Additionally, the statute requires the court to consider 'all other relevant facts and circumstances' and provides a 'nonexhaustive list of factors that the court should weigh'. One factor the court must consider is 'whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits'"(*Matter of Newcomb v Middle Country Cent. School Dist.*, 28 NY3d 455, 460-461 [2016] [internal citation omitted]).

The Appellate Divisions have held that courts must also consider whether petitioner has a reasonable excuse for the delay, but the "failure to offer a reasonable excuse is not necessarily fatal" (*Clarke v New York City Tr. Auth.*, 222 AD3d 552, 553 [1st Dept 2023]; *Guerre v New York City Tr. Auth.*, 226 AD3d 897, 898 [2d Dept 2024]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Guerre*, 226 AD3d at 898 [quotation marks and citation omitted]). Thus, petitioners essentially need to prove only the first two factors to be entitled to leave to serve a late notice of claim.

Reasonable excuse

Here, petitioners did not provide a reasonable excuse for their delay in serving the notice of claim. Petitioners' counsel claims that, although they believed they had appropriately named each public authority involved in the collision, they later discovered that the bus line may be operated by the NYCTA, based on a bus timetable of the X38 bus line (*see* petition ¶ 7 [NYSCEF Doc. No. 1]). However, petitioners' error in identifying the responsible corporation does not constitute a reasonable excuse for delay in giving notice (*see Matter of Richardson v New York City Hous. Auth.*, 136 AD3d 484, 485 [1st Dept 2016]; *see also Quinn v Manhattan and Bronx Surface Tr. Operating Auth.*, 273 AD2d 144 [1st Dept 2000] [an error in ascertaining the correct party to sue was not an excuse that would support leave to serve a late notice of claim]; *but see Matter of Shelden v New York City Hous. Auth.*, 180 AD2d 551, 552 [1st Dept 1992]).

160343/2023   TANG, KY TONG ET AL vs. NEW YORK CITY TRANSIT AUTHORITY          Page 2 of 5
Motion No.  001

2 of 5

[* 2]

<u>Actual knowledge of the essential facts</u>

"The actual knowledge requirement contemplates actual knowledge of the essential facts constituting the claim, not knowledge of a specific legal theory" (*Matter of Townson v New York City Health & Hosps. Corp.*, 158 AD3d 401, 403 [1st Dept 2018]; *Matter of Grande v City of New York,* 48 AD3d 565 [2nd Dept 2008]). However, "knowledge of the facts underlying an occurrence does not constitute knowledge of the claim. What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of [the] 'claim'" (*Chattergoon v New York City Hous. Auth.*, 161 AD2d 141 [1st Dept 1990]; *see also Bullard v City of New York,* 118 AD2d 447 [1st Dept 1986]). "The statute contemplates not only knowledge of the facts, but also how they relate to the legal claim to be asserted" (*Carpenter v City of New York*, 30 AD3d 594, 595 [2d Dept 2006]).

Here, petitioners do not know if the NYCTA had actual knowledge of the happening of the accident from the police accident report. Petitions admit that they "are unaware of whether or not the NYCTA has conducted an investigation into the July 6, 2023 accident" (*see* affirmation of petitioners' counsel in support ¶ 27). Contrary to petitioners' argument, it is the party seeking leave who has the burden of establishing that respondent timely acquired actual knowledge of the essential facts constituting the claim, not the respondent (*see Matter of Jaime*, 41 NY3d at 540).

Notwithstanding the above, petitioners did demonstrate that the NYCTA had timely acquired actual knowledge of the essential facts constituting petitioners' claim within 90 days after the claim arose, or within a reasonable time thereafter. Ninety days after the alleged motor vehicle collision on July 6, 2023 fell on October 4, 2023. According to an affidavit of service, petitioners served the proposed notice of claim in this proceeding upon the NYCTA on October 31, 2023, which is 27 days later (*see* affidavit of service [NYSCEF Doc. No. 12]).

There appears to be a split between the Appellate Division, First Department and the Appellate Division, Second Department regarding whether a public corporation can acquire actual knowledge from a late notice of claim served without leave of court.

In *Feduniak v New York City Health & Hosps. Corp. (Queens Hosp. Ctr.)*, the Appellate Division, Second Department stated, "this Court has ruled that actual knowledge of the essential facts constituting the claim cannot be inferred from a late notice of claim served without leave of the court" (170 AD3d at 665).

By contrast, in *Bertone Commissioning v City of New York* (27 AD3d 222, 224 [1st Dept 2006]), the Appellate Division, First Department held that a late notice of claim, served without leave of court, and served on the Transit Authority less than two months (i.e., 59 days) after the 90–day deadline set by General Municipal Law § 50–e (1) (a), gave the authority "actual knowledge within a reasonable time frame."

160343/2023  TANG, KY TONG ET AL vs. NEW YORK CITY TRANSIT AUTHORITY                Page 3 of 5
Motion No.  001

[* 3]                                                    3 of 5

Under *Bertone Commissioning*, which is binding upon this court, the late notice of claim served without leave of court gave the NYCTA actual knowledge of the essential facts of petitioners' claim within a reasonable time after the 90 days to serve the notice of claim had run. Given that the Appellate Division, First Department ruled in *Bertone Commissioning* that the respondents had timely acquired actual knowledge based on notices of claim that were served 59 days after the 90-day period had run, it easily follows that the notice of claim that was served 27 days after the 90-day period here was within a reasonable time thereafter as well.

In conclusion, the NYCTA did acquire actual knowledge of the essential facts of petitioners' claim within a reasonable time after 90 days of accrual of petitioners' claim.

Substantial prejudice

"[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb*, 28 NY3d at 466).

For example, if a transitory condition allegedly caused the petitioner's injuries, a petitioner demonstrates lack of prejudice if the condition would no longer have existed even if timely service had been made (*see Camins v New York City Hous. Auth.*, 151 AD3d 589, 590 [1st Dept 2017]; *Matter of Rivera v City of New York*, 127 AD3d 445, 446 [1st Dept 2015]). Or, if a premises condition had not changed since the date of the alleged accident, such that an investigation would still be possible despite the late notice (*Fredrickson v New York City Hous. Auth.*, 87 AD3d 425, 425 [1st Dept 2011]).

"Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (*Matter of Newcomb*, 28 NY3d at 467). "Substantial prejudice may not be inferred solely from the delay in serving a notice of claim" (*id.* at 468 n 7).

"Petitioner[s'] evidence showing that respondent[ ] had actual notice of the facts constituting the claim within 90 days of the accident or a reasonable time thereafter . . . provides a "plausible argument" that respondent[ ] will not be substantially prejudiced in investigating and defending the claim" (*Dubuche v New York City Tr. Auth.*, 230 AD3d 1026, 1027 [1st Dept 2024]). The burden therefore shifted to the NYCTA to come forth a particularized evidentiary showing that it will be substantially prejudiced if late notice were allowed, which it did not address.

Because petitioners demonstrated that the NYCTA timely acquired actual knowledge of the essential facts constituting their claims with a reasonable time after the time to serve a notice of claim had expired, and because the NYCTA did not demonstrate that it will be substantially prejudiced, leave to serve a late notice of claim

**160343/2023   TANG, KY TONG ET AL vs. NEW YORK CITY TRANSIT AUTHORITY**          **Page 4 of 5**
  **Motion No.  001**

[* 4]                                        4 of 5

on respondent is granted.

20241209164930RTSAI6DC3274DE22A437587D2DAC9D79CB5EB

| | |
|---|---|
| **12/9/2024** | |
| **DATE** | **RICHARD TSAI, J.S.C.** |

CHECK ONE:     [X] CASE DISPOSED          [ ] NON-FINAL DISPOSITION

                    [X] GRANTED     [ ] DENIED     [ ] GRANTED IN PART          [ ] OTHER

APPLICATION:     [ ] SETTLE ORDER          [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:     [ ] INCLUDES TRANSFER/REASSIGN     [ ] FIDUCIARY APPOINTMENT     [ ] REFERENCE

**160343/2023   TANG, KY TONG ET AL vs. NEW YORK CITY TRANSIT AUTHORITY**          Page 5 of 5
**Motion No.  001**

5 of 5