■ In the Matter of JAMES M. GORINSHEK, Respondent, v CITY OF JOHNSTOWN, Appellant. (And Another Related Proceeding.)—Appeal from an order of the Supreme Court (Best, J.), entered October 7, 1991 in Fulton County, which granted petitioner's applications pursuant to General Municipal Law § 50-e (5) for leave to serve late notices of claim.

We affirm Supreme Court's grant of petitioner's applications pursuant to General Municipal Law § 50-e (5) for leave to file late notices of claim. Petitioner's medical records demonstrate that from the time of the accident (November 1989) until he met with counsel, he was suffering from the physical effects of his injuries. He was initially hospitalized for four days and underwent an operation to both his right wrist and ankle after which casts were applied. While convalescing at home, he underwent physical therapy and was treated by his physicians on a regular basis. The record before us substantiates that petitioner's physical disability justified his delay until April 1990 in retaining counsel (see, Morano v County of Dutchess, 160 AD2d 690; Matter of Savelli v City of New York, 104 AD2d 943). We also note that it was not until April 1990 that petitioner returned to work.

As to the issue of actual knowledge, petitioner claims that respondents had representatives at the job site whom he believed had notice of the accident and that he immediately reported the accident to the officials of the facility where it occurred *(see, Matter of Ferrer v City of New York,* 172 AD2d 240). Although respondents deny actual knowledge and claim prejudice due to the delay (they assert that they had no opportunity to investigate the work site which radically changed after the date of the accident and that this changed condition "may prevent an accurate reconstruction of the circumstances of the accident"), we note that because the injury allegedly resulted from a fall at a construction site, "it is highly unlikely that the conditions existing at the time of the accident would [still] have existed" had the claims been timely filed *(supra,* at 241; *cf., Matter of Kressner v Town of Malta,* 169 AD2d 927). Under the totality of the circumstances of this case, it was not an improvident exercise of discretion by Supreme Court to grant the applications *(see, Fenton v County of Dutchess,* 148 AD2d 573, *lv denied* 74 NY2d 608).

Mikoll, J. P., Yesawich Jr., Levine, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.