■ In the Matter of FRANCESCA TRICOMI et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [594 NYS2d 298] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from a judgment of the Supreme Court, Kings County (Huttner, J.), dated January 8, 1991, which denied the application.

Ordered that the judgment is affirmed, with costs.

The denial of the application for leave to serve a late notice of claim was a proper exercise of discretion since the New York City Housing Authority did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose, or within a reasonable time thereafter, nor did the petitioners provide a valid excuse for the delay *(see,* General Municipal Law § 50-e [5]; *Matter of Mallory v City of New York,* 135 AD2d 636, 637).

Although the petitioners claim that the respondent had actual notice of the claim, there is nothing in the record to substantiate the claim. Furthermore, even if the respondent had a copy of the police accident report, it did not contain the essential facts as contemplated by the General Municipal Law *(see, Caselli v City of New York,* 105 AD2d 251, 255).

Moreover, the petitioners' excuses for the delay, that they were unaware of the requirements of the statute, and that they lacked fluency in the English language, have been held unacceptable excuses for failure to timely serve a notice of claim *(see, Figueroa v City of New York,* 92 AD2d 908). Bracken, J. P., Eiber, Pizzuto and Santucci, JJ., concur.