■ KAREN RUDD, Appellant, v ESTHER A. ANDREWS et al., Respondents. (And Another Related Action.) [605 NYS2d 424] — Cardona, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 13, 1992 in Washington County, which denied plaintiff's motion for leave to serve a late notice of claim.

On January 5, 1991, plaintiff was one of four passengers in an automobile which was struck by a truck as the car entered

onto a county highway from the driveway where plaintiff resided. Sometime in February 1991, plaintiff commenced a personal injury action against the operators and owners of both the car and the truck. In January 1992, plaintiff's counsel learned from counsel in a related action that their expert's investigation revealed a potential theory of liability against defendant Washington County (hereinafter the County) for negligent design, construction, maintenance and signing of the highway where the accident occurred. In March 1992, plaintiff amended her complaint and added the County as a party defendant. Plaintiff then moved for permission to file a late notice of claim against the County. Supreme Court denied the motion. This appeal ensued.

We affirm. Although the excuse for the delay proffered by plaintiff's counsel was not reasonable, that alone is not fatal (see, Matter of Esposito v Carmel Cent. School Dist., 187 AD2d 854, 855). Plaintiff relies upon the notice of claim filed by the plaintiffs in the related action to establish that the County had actual knowledge of her claim within the statutory period. This notice of claim, however, was never made a part of the record considered by Supreme Court. Although the briefs addressed the notice of claim and plaintiff's counsel characterize its omission as a "clerical error", we cannot permit plaintiff to belatedly introduce it through a reply brief and consider it as properly part of the record before us (see, Reed v Reed, 93 AD2d 105). Absent a reasonable excuse for the lengthy delay and plaintiff's failure to establish that the County was furnished with actual knowledge of the essential facts underlying plaintiff's claim within the 90-day statutory period or a reasonable time thereafter, Supreme Court did not abuse its discretion in denying plaintiff's motion to file a late notice of claim. Even if this Court allowed the notice of claim in the related action as part of this record, it is still insufficient to establish actual notice of plaintiff's claim to the County because, at minimum, it does not meet the requirements of General Municipal Law § 50-e (2) in reference to specifying items of damage or injuries claimed.

Crew III, J. P., White, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.