■ In the Matter of MICHELE A. GIZZI, Appellant, v CITY OF TROY, Respondent. [619 NYS2d 385] —Mercure, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered February 11, 1994 in Rensselaer County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Petitioner seeks to recover for an injury she sustained to her right knee in a May 24, 1993 softball game in the City of Troy, Rensselaer County, assumedly conducted at a facility owned or operated by respondent, "when the base she was running to failed to 'pop' out of the ground, as it was designed to do". In the affidavits of petitioner and her father, Carmine Gizzi, in support of petitioner's January 1994 application for leave to serve a late notice of claim, it is alleged that on the day following the incident they "telephoned the attorney for [respondent] * * * and verbally informed him of the incident and the injuries resulting therefrom" and that, within 90 days following the accident, Gizzi "spoke with [Gary Galuski, a recreation specialist for respondent] and advised him of the incident and injuries". Respondent opposed the application with an affidavit of a Deputy Corporation Counsel, who stated that none of the attorneys in the Corporation Counsel's office had any recollection of the alleged May 25, 1993 telephone call and that, had such a call been received, the caller would have been advised that a written notice of claim must be served upon respondent. Respondent also submitted an affidavit from Galuski who stated that, although he remembers receiving a telephone call from a male person who reported that his daughter had been injured playing softball at a City field about three weeks prior to the date of the call, he told the caller that respondent "was entirely self-insured and that

it would be necessary for the injured person to file a written claim with the Corporation Counsel's office * * * in order for any action to be taken on the matter by [respondent]". Supreme Court denied the application and petitioner appeals.

We affirm. Even crediting every allegation of the vague and conclusory affidavits submitted in support of the application, we agree with Supreme Court that petitioner failed to satisfy her burden of establishing that respondent acquired actual notice of the essential facts constituting her claim within 90 days of the accident (General Municipal Law § 50-e [5]; *see, Rudd v Andrews,* 199 AD2d 772; *Matter of Light v County of Nassau,* 187 AD2d 720; *Matter of Hernandez v City of New York,* 184 AD2d 378, *lv dismissed* 81 NY2d 782). Significantly, it is not alleged that petitioner or her father advised respondent of petitioner's name or address or provided any details concerning the manner in which respondent is alleged to have been negligent or the items of damage or injuries claimed *(see, supra).* Rather, based upon the uncontroverted allegations of the affidavits submitted by respondent, it appears that the details of the accident were to have been embodied in a written claim or report and that, for some unknown reason, the report was never filed. Further, because the playing field had been closed for the season and the bases removed by the time of the instant application, respondent was prejudiced by the delay *(see, Matter of Piotrowski v Onteora Cent. School Dist.,* 161 AD2d 990). As a final matter, petitioner's mere ignorance of the notice requirement does not constitute an acceptable excuse for her failure to timely file a notice of claim *(see, Matter of Tricomi v New York City Hous. Auth.,* 191 AD2d 447; *Matter of Andrews v Village of Sherburne,* 140 AD2d 790, *lv denied* 72 NY2d 807).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.