■ In the Matter of RAPHAEL M. MANGONA et al., Appellants, v VILLAGE OF GREENWICH, Respondent. [675 NYS2d 401] —Mikoll, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered June 16, 1997 in Washington County, which denied petitioners' application pursuant to General Municipal Law § 50-e (5) to serve a late notice of claim.

On September 17, 1996, petitioner Raphael M. Mangona (hereinafter petitioner) was a passenger in a motor vehicle operated by Florence De Gregorio that was involved in an automobile accident with a truck owned by respondent and operated by its employee. On April 14, 1997, petitioner, joined by her spouse, filed the instant motion for leave to serve a late notice of claim against respondent, well beyond the 90-day limitations period set forth in General Municipal Law § 50-e (1) (a). When the motion was denied by Supreme Court, petitioners brought this appeal.

Petitioners contend that their failure to adhere to the 90-day

limitations period should have been excused on the ground that respondent had received timely "actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5]) on December 12, 1996, when De Gregorio and her spouse served their notice of claim on respondent. We disagree. The De Gregorios' notice of claim did not put respondent on notice of petitioners' claimed injuries or damages, elements necessary to satisfy the requirements of General Municipal Law § 50-e (5) (*see, Rudd v Andrews*, 199 AD2d 772, 773). This, together with petitioners' failure to submit a viable excuse for their delay in filing, such as those enumerated in General Municipal Law § 50-e (5), lead us to conclude that there was no abuse of discretion in Supreme Court's denial of petitioners' motion (*see, Matter of Gizzi v City of Troy*, 210 AD2d 644; *Matter of Jensen v City of Saratoga Springs*, 203 AD2d 863).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.