◼ In the Matter of PATRICK L. MCLAUGHLIN, Appellant, v NORTH COLONIE CENTRAL SCHOOL DISTRICT, Respondent. [702 NYS2d 466] —Carpinello, J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 20, 1999 in Albany County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) to serve a late notice of claim.

Petitioner was employed by a mason subcontractor in July 1998 when he was injured while working on a construction project at a facility owned by respondent. In March 1999, petitioner moved to serve a late notice of claim well beyond the 90-day period established by General Municipal Law § 50-e (1) (a). Supreme Court denied the motion and petitioner appeals.

Petitioner contends that his failure to file a notice of claim within the 90-day period should be excused on grounds that he was unaware of the severity of his injuries prior to the expiration of the 90-day period and that respondent had timely knowledge of his injury. We disagree. The record contains no affidavit by petitioner or medical evidence of his condition and, therefore, the excuse offered by petitioner's counsel, who was not retained until after the 90-day period had expired, has no probative value. Petitioner also argues that knowledge received by the project's general contractor should be imputed to respondent. There is, however, no evidence in the record that the general contractor or anyone else involved in the construction project received timely "actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5];

*compare, Matter of Ruperti v Lake Luzerne Cent. School Dist.*, 208 AD2d 1146). According to the affidavit of respondent's business administrator, a review of the construction project records revealed no report or record of an injury to petitioner.

Although the affidavit of petitioner's attorney refers to petitioner's receipt of workers' compensation benefits, the record does not demonstrate that respondent or its agent had any notice of the workers' compensation claim or that the claim would have provided the type of actual knowledge envisioned by General Municipal Law § 50-e (5) (*see, Matter of Mark v Board of Educ.*, 255 AD2d 586). In the absence of a viable excuse for the delay, and there being no evidence of respondent's timely actual knowledge, Supreme Court did not abuse its discretion in denying petitioner's motion (*see, Matter of Mangona v Village of Greenwich*, 252 AD2d 732).

Mercure, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.