■ In the Matter of THOMAS A. CUDA, Appellant, v ROTTERDAM-MOHONASEN CENTRAL SCHOOL DISTRICT, Respondent. [727 NYS2d 751] —Carpinello, J. Appeal from an order of the Supreme Court (Lynch, J.), entered May 25, 2000 in Schenectady County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

Seeking to recover for an injury sustained on May 13, 1999 in the course of construction work at respondent's junior high school, petitioner moved to file a late notice of claim on February 3, 2000. In an affidavit in support of this application, petitioner alleges that as he stepped off a scaffolding, his foot landed on cinderblock debris and he twisted his ankle. The sole explanation for the late notice was that initially he did not realize the extent of his injury, including the need for surgery. Supreme Court denied the application, prompting this appeal.

Supreme Court has broad discretion to extend the time to serve a notice of claim under General Municipal Law § 50-e, a determination which must take into consideration various factors, including whether the respondent had actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter, whether the delay substantially prejudiced the respondent in maintaining its defense on the merits and whether the petitioner seeking to extend the time provided a reasonable excuse for such delay

(*see*, General Municipal Law § 50-e [5]; *Matter of Lacey v Village of Lake Placid*, 280 AD2d 863). Here, even if the record established that petitioner was initially unable to ascertain the severity of his injury,* he knew as of November 8, 1999 that he had a torn anterior talofibular ligament and was advised on this date of the risks and benefits of the recommended surgery to repair it. Notwithstanding, nearly three months passed before the instant application was made. No reasonable excuse was given for this delay (*see*, *Matter of Jones v Jamestown Pub. School Dist.*, 259 AD2d 1020; *Matter of Stenowich v Colonie Indus. Dev. Agency*, 151 AD2d 894, 895, *lv denied* 74 NY2d 615; *Matter of Morgan v City of Elmira*, 115 AD2d 885, 887, *appeal dismissed* 67 NY2d 905).

Moreover, petitioner failed in his burden of demonstrating that respondent had actual timely knowledge of the incident (*see*, *Washington v City of New York*, 72 NY2d 881, 883; *Matter of Gizzi v City of Troy*, 210 AD2d 644; *compare*, *Matter of Lacey v Village of Lake Placid, supra*; *Gamoneda v New York City Bd. of Educ.*, 259 AD2d 348; *Matter of Lopez v New York City Hous. Auth.*, 225 AD2d 492; *Raizner v City of New York*, 174 AD2d 423, 424). Under these circumstances, we are unable to conclude that Supreme Court abused its discretion in denying the motion (*see*, *Matter of McLaughlin v North Colonie Cent. School Dist.*, 269 AD2d 658; *Matter of Stenowich v Colonie Indus. Dev. Agency, supra*; *Matter of Morgan v City of Elmira, supra*; *Matter of Johnston v Town of Putnam Val. Police Dept.*, 167 AD2d 612), even assuming that the element of substantial prejudice is lacking given the transitory nature of the construction site (*see, e.g.*, *Matter of Gorinshek v City of Johnstown*, 186 AD2d 335; *Matter of Sutton v Town of Schuyler Falls*, 185 AD2d 430; *Matter of Ferrer v City of New York*, 172 AD2d 240; *Matter of Harris v Dormitory Auth. of State of N. Y.*, 168 AD2d 560).

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Petitioner received orthopedic treatment for his injury between July 1999 and October 1999. A cast was placed on his leg in early August 1999 for approximately one month and he thereafter received physical therapy for another month. Notations in his medical records reveal that petitioner continuously believed that "more may be wrong" with his ankle than a bone contusion and that a wrong diagnosis had been made.