■ In the Matter of RALPH M. SMITH, Appellant, v OTSELIC VALLEY CENTRAL SCHOOL DISTRICT, Respondent. [754 NYS2d 734] —Carpinello, J. Appeal from an order of the Supreme Court (Dowd, J.), entered December 5, 2001 in Chenango County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

On July 13, 2000, petitioner, a roofer working on an elementary school asbestos removal project, severely injured his right hand when he attempted to fix the guard on a roofing saw while the saw was still engaged. Nearly 13 months after the accident, petitioner, claiming that the saw was unsafe and defective, sought to file a late notice of claim against respondent asserting Labor Law §§ 200, 240 (1) and § 241 (6) causes of action. While Supreme Court erred in applying a one-year statute of limitations to the instant facts (*see Ippolito v City of Buffalo*, 195 AD2d 983; *Fish v New York Mills Union Free School Dist.*, 151 AD2d 976), it did not abuse its discretion in denying the motion (*see Matter of McLaughlin v North Colonie Cent. School Dist.*, 269 AD2d 658, 659).

Petitioner's primary excuse for failing to timely file the notice of claim—unawareness of the General Municipal Law § 50-e requirements—is simply not acceptable (*see Matter of Gizzi v City of Troy*, 210 AD2d 644, 645). To this end, we note that petitioner became aware of the filing requirements on May 2, 2001 when he finally contacted an attorney. Despite this fact, another three months elapsed before the motion was filed, a delay that has not been sufficiently justified (*see Matter of Cuda v Rotterdam-Mohonasen Cent. School Dist.*, 285 AD2d 806, 807).* Finally, petitioner did not demonstrate that respondent had actual notice of the claim being asserted against it.

---

* To the extent that petitioner's affidavit in support of the motion attempts to justify the delay in filing because of the nature and severity of his injuries, we are unpersuaded. Although petitioner did suffer a serious injury, nothing contained in his affidavit or attached medical documentation reveals

While the record reveals that certain of respondent's employees had been generally alerted that a roofer injured himself on the job, no details or specifics of the accident or the extent of injuries were given or known such that it could be fairly stated that respondent "acquired actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5]) within a reasonable time of the accident (see Matter of Gizzi v City of Troy, supra).

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

a physical incapacitation so great as to have precluded him from contacting an attorney sooner (see Matter of Jensen v City of Saratoga Springs, 203 AD2d 863, 864; compare Matter of DeMolfetto v City of New York, 216 AD2d 295, 296).