■ In the Matter of JEREMY ROBERTS JR., Appellant, v COUNTY OF RENSSELAER, Respondent. [790 NYS2d 751]—

Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered November 26, 2003 in Rensselaer County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

Petitioner alleges that on June 15, 2003, he was injured during an arrest made by a deputy sheriff employed by respondent. On September 23, 2003, eight days after the 90-day period to file a notice of claim had expired, petitioner filed a notice of claim together with an application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Supreme Court denied the motion, prompting this appeal by petitioner. We affirm.

It is well established that the decision to permit the late filing of a notice of claim is discretionary and involves a consideration of several factors, including whether the municipal defendant acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time after the claim accrued, whether a reasonable excuse was proffered for the delay in filing the claim and whether granting the application would result in prejudice to the municipality (*see Matter of Tara V. v County of Otsego*, 12 AD3d 984, 985 [2004]; *Matter of Crocco v Town of New Scotland*, 307 AD2d 516, 517 [2003]; *Matter of Lanphere v County of Washington*, 301 AD2d 936, 937 [2003]). Here, although petitioner asserts that respondent had actual knowledge

of the facts underlying the claim because he and his mother complained of the incident to the deputy sheriff's supervisor shortly after it occurred, he offers no evidence to support this assertion and the record does not demonstrate that respondent investigated the incident (*see Matter of McLaughlin v North Colonie Cent. School Dist.*, 269 AD2d 658, 659 [2000]; *Matter of Wilson v City of Binghamton*, 248 AD2d 780, 780 [1998]; *Matter of Stenowich v Colonie Indus. Dev. Agency*, 151 AD2d 894, 895 [1989], *lv denied* 74 NY2d 615 [1989]). Moreover, the record contains no affidavit by petitioner or any medical evidence to support his contention that he was injured or that his psychological distress following the incident rendered him unable to timely file the notice of claim and thereby constituted a reasonable excuse for the delay (*see Matter of Smith v Otselic Val. Cent. School Dist.*, 302 AD2d 665, 666 n [2003]). Even assuming that the element of prejudice to respondent is lacking in light of the relatively minimal delay, we are unable to conclude that Supreme Court abused its discretion in denying the motion under the circumstances presented (*see Matter of Cuda v Rotterdam-Mohonasen Cent. School Dist.*, 285 AD2d 806, 807 [2001]).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.