■ In the Matter of Frank Schwindt et al., Respondents, v County of Essex et al., Respondents, and Essex County Industrial Development Agency et al., Appellants. [876 NYS2d 191]—

Mercure, J. Appeal from an order of the Supreme Court (Dawson, J.), entered May 19, 2008 in Essex County, which partially granted petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

Petitioner Frank Schwindt allegedly sustained various injuries when he fell from the roof of a firehouse located in the Town of Schroon, Essex County, in October 2007. Thereafter, in March 2008, Schwindt and his spouse, derivatively, moved by order to show cause for leave to file a late notice of claim against respondent Schroon Lake Fire District, the equitable owner of the firehouse, and respondent Essex County Industrial Development Agency, the titled owner of the property, as well as respondents County of Essex, Town of Schroon and Schroon Lake Volunteer Fire Department. Supreme Court granted the application as to the fire district, the fire department and the industrial development agency (hereinafter collectively referred to as respondents), but denied the application as to the town and the county. This appeal by respondents ensued.

We affirm. "It is axiomatic that the decision to permit the late filing of a notice of claim is discretionary and involves an inquiry as to whether respondents acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, whether a reasonable excuse was proffered for the delay in filing a claim and whether granting a late filing would prejudice respondents" (*Matter of Crocco v Town of New Scotland*, 307 AD2d 516, 517 [2003] [citations omitted]; *see Matter of Dewey v Town of Colonie*, 54 AD3d 1142, 1142 [2008]; *Matter of Roberts v County of Rensselaer*, 16 AD3d 829, 829 [2005]). No single factor is dispositive (*see Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734, 734-735 [2008]) and, absent a clear abuse of discretion, Supreme Court's determination in this regard will not be disturbed (*see Matter of Hinton v New Paltz Cent. School Dist.*, 50 AD3d 1414, 1415 [2008]; *Matter of Tara V. v County of Otsego*, 12 AD3d 984, 985 [2004]).

Although petitioners' ignorance of the filing requirement plainly is not an acceptable excuse for the delay here (*see Matter of Crocco v Town of New Scotland*, 307 AD2d at 517), we cannot say that Supreme Court abused its discretion in concluding that

respondents acquired actual knowledge of the essential facts constituting the claim within the statutory period. At the time of the accident, certain employees and/or representatives of respondents—including the fire department's chief, paramedic and director/ambulance driver, as well as a custodian for the fire district—were at the fire house, responded to the call for assistance, and either observed, treated or assisted in stabilizing Schwindt and arranging for his transport to a local hospital. In our view, the record demonstrates that respondents possessed more than a generalized awareness that Schwindt had been injured and, indeed, "acquired actual notice of the essential facts of the claim shortly after the accident through [their representatives] sufficient to allow [them] to undertake the necessary investigation to defend a potential claim" (*Matter of Isereau v Brushton-Moira School Dist.*, 6 AD3d 1004, 1006 [2004]; *see Matter of Ruperti v Lake Luzerne Cent. School Dist.*, 208 AD2d 1146, 1147 [1994]; *cf. Matter of Smith v Otselic Val. Cent. School Dist.*, 302 AD2d 665, 666 [2003]).

We reach a similar conclusion regarding the issue of prejudice. Simply put, the transitory nature of an accident scene, standing alone, does not prevent physical inspection or demonstrate substantial prejudice (*see Matter of Tara V. v County of Otsego*, 12 AD3d at 986; *Matter of Isereau v Brushton-Moira School Dist.*, 6 AD3d at 1007), and respondents' conclusory assertion that the mere passage of time has impaired their ability to adequately investigate petitioners' claim is unpersuasive (*see Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d at 736). Inasmuch as we perceive no clear abuse of Supreme Court's discretion, its order granting petitioners' application as to respondents is affirmed.

Cardona, P.J., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.