■ In the Matter of JAMES CORNELIUS, Respondent, v BOARD OF EDUCATION OF DELHI CENTRAL SCHOOL DISTRICT et al., Appellants. [911 NYS2d 481]—

Garry, J. Appeals (1) from an order of the Supreme Court (Rumsey, J.), entered June 16, 2009 in Cortland County, which, among other things, granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim, and (2) from an order of said court (Peckham, J.), entered November 27, 2009 in Delaware County, which denied respondents' motion for a change of venue.

Petitioner allegedly sustained various injuries in August 2008 when he fell through a skylight while working on the roof of the

gymnasium at the Delhi Elementary School in Delaware County. In February 2009, petitioner moved in Cortland County, where he resides, for permission to file a late notice of claim pursuant to General Municipal Law § 50-e (5), and respondents cross-moved for a change of venue to Delaware County. Supreme Court (Rumsey, J.) granted petitioner's motion and denied respondents' cross motion. Respondents appealed and, after the underlying action was commenced in Cortland County, again moved for a change in venue—this time in Delaware County. Supreme Court (Peckham, J.) summarily denied the motion, and respondents now appeal from that order as well.

We affirm. Whether to permit the late filing of a notice of claim involves consideration of various statutory factors, including whether respondents had actual notice of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether petitioner offered a reasonable excuse for the delay in filing and whether respondents incurred substantial prejudice as a result (*see* General Municipal Law § 50-e [5]; *Matter of Place v Beekmantown Cent. School Dist.*, 69 AD3d 1035, 1036 [2010]; *Matter of Dewey v Town of Colonie*, 54 AD3d 1142 [2008]). "No single factor is dispositive and, absent a clear abuse of discretion, Supreme Court's determination in this regard will not be disturbed" (*Matter of Schwindt v County of Essex*, 60 AD3d 1248, 1249 [2009] [citations omitted]; *see Matter of Hubbard v County of Madison*, 71 AD3d 1313, 1314-1315 [2010]).

Although petitioner's ignorance of the filing requirement is no excuse (*see Matter of Schwindt v County of Essex*, 60 AD3d at 1249), Supreme Court (Rumsey, J.) did not abuse its discretion in concluding that respondents had actual notice of the essential facts within the statutory period. Newspaper accounts of petitioner's accident demonstrate that the superintendent of respondent Delhi Central School District had knowledge of the pertinent facts shortly after the accident. Further, the fact that petitioner was treated by local emergency services personnel for "multiple trauma" and was in "critical condition" certainly should have alerted respondents to the seriousness of the situation and afforded them the opportunity to investigate (*see id.* at 1250). Finally, respondents failed to demonstrate substantial prejudice as a result of the relatively brief delay. Accordingly, we conclude that petitioner's application was properly granted.

Regarding the requested change in venue, respondents' application in Delaware County—made after they had a full and fair opportunity to address that very issue, albeit unsuccessfully, in Cortland County—was barred by the doctrine of law of

the case (*see Briggs v Chapman*, 53 AD3d 900, 901-902 [2008]). As to the merits of the Cortland County application, CPLR 504 (1) provides that an action commenced against a school district shall be venued in the county where the district is located (*see Sanchez v Project Adventure*, 260 AD2d 151, 152 [1999]). Although couched in mandatory terms, "CPLR 504 is no more jurisdictional than any other venue provision" (*Anzalone v City of New York*, 32 AD3d 408, 408 [2006] [internal quotation marks and citations omitted]), and the trial court retains the discretionary power to permit venue in another county upon a showing of compelling circumstances (*see id.; see also Hatzipetros v County of Chemung*, 56 AD3d 1039, 1040 [2008]; *Sanchez v Project Adventure*, 260 AD2d at 152). Here, we are persuaded that the affidavits tendered by petitioner and his accompanying medical records are sufficient to support the finding that venue should remain in Cortland County—particularly considering the school district's assertion that no district employees witnessed the accident, were aware of any defects in the roof or in any manner directed or controlled petitioner's work, thereby seriously undermining any claim that respondents' trial witnesses would be inconvenienced by traveling to Cortland County.* Respondents' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the orders are affirmed, without costs.

---

* We further note that Supreme Court's denial of respondents' cross motion was conditioned upon any pretrial depositions of their employees being conducted in Delaware County.