■ In the Matter of DONALD C. HAYES, Respondents, v DELAWARE-CHENANGO-MADISON-OTSEGO BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Appellants. [912 NYS2d 781]—

Mercure, J. Appeal from an order of the Supreme Court (Fitzgerald, J.), entered July 13, 2009 in Delaware County, which granted petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

In August 2008, petitioner Donald C. Hayes was allegedly injured while working for Weathermaster Roofing Company, Inc., which was performing construction work at a site owned by respondent Delaware-Chenango-Madison-Otsego Board of Cooperative Educational Services. Approximately six months later, petitioners sought leave to file a late notice of claim against respondents. Supreme Court granted the application, prompting this appeal.

We affirm. The determination of whether to permit the filing of a late notice of claim is discretionary, and will not be disturbed absent a clear abuse of that discretion (see *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539 [2006]; *Matter of Hubbard v County of Madison*, 71 AD3d 1313, 1314-1315 [2010]). In making its determination, Supreme Court must assess all relevant facts and circumstances, including whether the respondent had actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, the reasonableness of the excuse offered for the delay in filing, and whether the delay has caused substantial prejudice to the respondent's maintenance of a defense on the merits (see *Matter of Hubbard v County of Madison*, 71 AD3d at 1314; *Matter of Schwindt v County of Essex*, 60 AD3d 1248, 1249 [2009]). As this Court has emphasized, "[t]he presence or absence of any one of these factors is not necessarily determinative" (*Matter of Hubbard v County of Madison*, 71 AD3d at 1314-1315 [internal quotation marks and citations omitted]).

Here, the record reveals that respondents did not become aware of the accident until February 2009, approximately six months after it occurred and three months after the period in which to file a notice of claim had elapsed. Petitioners indicated that Hayes has undergone hospitalization, surgery and physical therapy as a result of the accident and that he remains disabled (see *Matter of Gorinshek v City of Johnstown*, 186 AD2d 335, 335 [1992]; cf. *Matter of Roberts v County of Rensselaer*, 16 AD3d 829, 829-830 [2005]). Moreover, respondents provided no particulars regarding the manner in which they were prejudiced

by the delay, and "the transitory nature of the construction site" alone does not demonstrate that prejudice (*Matter of Cuda v Rotterdam-Mohonasen Cent. School Dist.*, 285 AD2d 806, 807 [2001]; *see Matter of Schwindt v County of Essex*, 60 AD3d at 1250). Under these circumstances and given the relatively brief delay, we conclude that Supreme Court did not improvidently exercise its discretion in granting petitioners' application (*see Matter of Hubbard v County of Madison*, 71 AD3d at 1315-1316; *Matter of Gorinshek v City of Johnstown*, 186 AD2d at 335-336; *see also Matter of Schwindt v County of Essex*, 60 AD3d at 1250; *cf. Matter of Heffelfinger v Albany Intl. Airport*, 43 AD3d 537, 538-539 [2007]).

Cardona, P.J., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.