■ In the Matter of SHERRY ANN EUSON, Respondent, v COUNTY OF TIOGA, NEW YORK, Appellant. [941 NYS2d 815]—

Egan Jr., J. Appeal from an order of the Supreme Court (Sherman, J.), entered March 30, 2011 in Tioga County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

On June 21, 2010 shortly before 9:00 A.M., petitioner suffered extensive injuries when her vehicle was involved in a head-on

collision with a car operated by Rebecca McCarthy, a caseworker employed by respondent's Department of Social Services. According to an eyewitness, McCarthy, who left work immediately prior to the accident, pulled out of her employer's parking lot and began swerving in her lane of travel, ultimately crossing into oncoming traffic and striking petitioner's vehicle. Before McCarthy's vehicle was towed from the scene, a Sheriff's Deputy seized a bottle containing two prescription drugs from the center console, and McCarthy subsequently was issued an appearance ticket for, among other things, criminal possession of a controlled substance in the seventh degree. Based upon the foregoing, petitioner asserts that McCarthy either was in the course of her employment at the time of the accident or had been sent home from work because she was "intoxicated."

In January 2011, petitioner sought leave to file a late notice of claim. Respondent opposed the application contending, among other things, that McCarthy was not in the course of her employment at the time of the accident and, hence, the proposed claim lacked merit. Supreme Court granted petitioner's application, and this appeal by respondent ensued.

We affirm. "[T]he decision to permit the late filing of a notice of claim is discretionary and involves an inquiry as to whether respondent[ ] acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, whether a reasonable excuse was proffered for the delay in filing a claim and whether granting a late filing would prejudice respondent[ ]. No single factor is dispositive and, absent a clear abuse of discretion, Supreme Court's determination in this regard will not be disturbed" (*Matter of Schwindt v County of Essex*, 60 AD3d 1248, 1249 [2009] [internal quotation marks and citations omitted]; *see Matter of Conger v Ogdensburg City School Dist.*, 87 AD3d 1253, 1254 [2011]; *Matter of Hayes v Delaware-Chenango-Madison-Otsego Bd. of Coop. Educ. Servs.*, 79 AD3d 1405, 1405 [2010]).

We discern no abuse of that discretion here. Respondent was aware that McCarthy had been in her office shortly before the accident and, through the investigation undertaken by its Sheriff's Department, was made aware of, among other things, the erratic manner in which McCarthy was operating her vehicle at the time of the collision, her disorientation at the scene, the prescription medication seized from her vehicle and the extent of petitioner's injuries. Additionally, within 90 days of the accident, respondent's counsel responded to an inquiry from petitioner's former counsel regarding McCarthy's employment status at the time of the accident. Hence, we are satisfied that

respondent acquired actual notice of the essential facts constituting the claim within the statutory period (*see Matter of Schwindt v County of Essex*, 60 AD3d at 1249-1250). To the extent that petitioner neglected to offer a reasonable excuse for failing to file a timely notice of claim, this is not fatal to petitioner's application "where . . . actual notice was had and there is no compelling showing of prejudice to respondent[ ]" (*Matter of Drozdzal v Rensselaer City School Dist.*, 277 AD2d 645, 646 [2000]; *see Matter of Franco v Town of Cairo*, 87 AD3d 799, 800-801 [2011]; *Matter of Cornelius v Board of Educ. of Delhi Cent. School Dist.*, 77 AD3d 1048, 1049 [2010]). Finally, the record before us is not sufficiently developed to permit us to conclude that petitioner's claim is patently lacking in merit. Accordingly, denial of petitioner's application upon this ground is not warranted (*see Matter of Franco v Town of Cairo*, 87 AD3d at 801).

Mercure, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.