Matter of Szymkowiak v New York Power Auth. (2018 NY Slip Op 04482)





Matter of Szymkowiak v New York Power Auth.


2018 NY Slip Op 04482


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


742 CA 17-01808

[*1]IN THE MATTER OF JOSEPH SZYMKOWIAK, CLAIMANT-RESPONDENT,
v
NEW YORK POWER AUTHORITY, RESPONDENT-APPELLANT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (KEVIN J. KRUPPA OF COUNSEL), FOR RESPONDENT-APPELLANT. 
COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (A. PETER SNODGRASS OF COUNSEL), FOR CLAIMANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered December 20, 2016. The order granted the application of claimant for leave to serve a late notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of claimant's application with respect to the September 26, 2015 accident and as modified the order is affirmed without costs.
Memorandum: Respondent appeals from an order that granted claimant's application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Claimant was employed by a nonparty as a laborer on a project pursuant to which the New York State Department of Transportation rehabilitated three bridges that ran over respondent's property. On September 26, 2015, claimant "fell off [his employer's flatbed] trailer" and allegedly injured his left arm and shoulder (first accident). On October 27, 2015, claimant fell from a "crane platform," sustaining a head injury and allegedly re-injuring his left shoulder (second accident). By order to show cause dated November 17, 2016, claimant moved for leave to serve a late notice of claim. Supreme Court granted the application in its entirety. We conclude that the court erred in granting that part of the application with respect to the first accident, and we therefore modify the order accordingly.
Pursuant to General Municipal Law § 50-e (1) (a), a party suing a public corporation must serve a notice of claim "within ninety days after the claim arises." Section 50-e (5) permits a court, in its discretion, to extend the time for a claimant to serve a late notice of claim, provided that the extension does "not exceed the time limited for the commencement of an action by the claimant against the public corporation." "In determining whether to grant such [relief], the court must consider, inter alia, whether the claimant has shown a reasonable excuse for the delay, whether the [public corporation] had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the [public corporation]" (Matter of Friend v Town of W. Seneca, 71 AD3d 1406, 1407 [4th Dept 2010]; see Matter of Turlington v Brockport Cent. Sch. Dist., 143 AD3d 1247, 1248 [4th Dept 2016]). "Absent a clear abuse of the court's broad discretion, the determination of an application for leave to serve a late notice of claim will not be disturbed" (Dalton v Akron Cent. Schs., 107 AD3d 1517, 1518 [4th Dept 2013], affd 22 NY3d 1000 [2013] [internal quotation marks omitted]).
While we agree with respondent that claimant failed to establish a reasonable excuse for the delay (see Kennedy v Oswego City Sch. Dist., 148 AD3d 1790, 1791 [4th Dept 2017]; Friend, 71 AD3d at 1407), "[t]he failure to offer an excuse for the delay is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [respondent]" (Terrigino v [*2]Village of Brockport, 88 AD3d 1288, 1288 [4th Dept 2011] [internal quotation marks omitted]; see Lawton v Town of Orchard Park, 138 AD3d 1428, 1428 [4th Dept 2016], lv denied 27 NY3d 912 [2016]).
Addressing next the issue of prejudice, we agree with claimant that he established that respondent would not be substantially prejudiced by any delay in serving the notice of claim. "[B]ecause the injur[ies] allegedly resulted from . . . fall[s] at a construction site, it is highly unlikely that the conditions existing at the time of the accident[s] would [still] have existed' " had the notice of claim been timely filed (Matter of Gorinshek v City of Johnstown, 186 AD2d 335, 336 [3d Dept 1992]; see Matter of Riordan v East Rochester Schs., 291 AD2d 922, 924 [4th Dept 2002], lv denied 98 NY2d 603 [2002]).
With respect to actual knowledge, we note that, " [w]hile the presence or absence of any single factor is not determinative, one factor that should be accorded great weight is whether the [public corporation] received actual knowledge of the facts constituting the claim in a timely manner' " (Turlington, 143 AD3d at 1248; see Matter of Ficek v Akron Cent. Sch. Dist., 144 AD3d 1601, 1603 [4th Dept 2016]). Moreover, "[i]t is well established that [k]nowledge of the injuries or damages claimed . . . , rather than mere notice of the underlying occurrence, is necessary to establish actual knowledge of the essential facts of the claim within the meaning of General Municipal Law § 50-e (5)' . . . , and the claimant has the burden of demonstrating that the respondent had actual timely knowledge" (Turlington, 143 AD3d at 1248; see Matter of Candino v Starpoint Cent. Sch. Dist., 115 AD3d 1170, 1171 [4th Dept 2014], affd 24 NY3d 925 [2014]; Dalton, 107 AD3d at 1518-1519).
We agree with respondent that claimant failed to meet his burden of demonstrating that respondent had timely actual knowledge of the first accident. Despite having engaged in pre-action discovery, claimant is unable to provide any evidence that the incident report related to the first accident was ever transmitted to respondent, and there was no mention of the first accident in the construction closeout report submitted to respondent. Inasmuch as there is no evidence that respondent received timely actual knowledge of the occurrence of the first accident, respondent could not have received timely actual knowledge of " the injuries or damages' " resulting therefrom (Turlington, 143 AD3d at 1248). We thus conclude that the court abused its discretion in granting that part of claimant's application with respect to the first accident.
Contrary to respondent's further contention, however, claimant established that respondent received timely actual knowledge of the second accident. Claimant established that the incident report related to that accident was submitted to respondent's safety consultant, and the details and nature of the second accident were included in the construction closeout report. Those reports provided respondent with timely "knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim" (Matter of Felice v Eastport/South Manor Cent. Sch. Dist., 50 AD3d 138, 148 [2d Dept 2008]). We thus conclude that the court did not abuse its discretion in granting that part of the application with respect to the second accident.
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court