Matter of Wala v County of Ulster (2019 NY Slip Op 01282)





Matter of Wala v County of Ulster


2019 NY Slip Op 01282


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

526883

[*1]In the Matter of PAWEL WALA, Respondent,
v
COUNTY OF ULSTER, Appellant.

Calendar Date: January 10, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Cook, Netter, Coonan, Kurtz & Murphy, PC, Kingston (Eric M. Kurtz of counsel), for appellant.
Queller, Fisher, Washor, Fuchs & Kool, LLP, New York City (Matthew J. Maiorana of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered October 19, 2017 in Ulster County, which granted petitioner's application pursuant to General Municipal Law §
50-e (5) for leave to serve a late notice of claim.
The facts are set forth in more detail in a separate appeal involving the same accident (Matter of Waliszewski v County of Ulster, ___ AD3d ___ [decided herewith]). Briefly, in August 2016, petitioner lost control of his motorcycle while driving on County Route 47 in the Town of Denning, Ulster County and crashed after observing Mariusz Waliszewski, who was in front of him, lose control of his motorcycle. As a consequence, petitioner sustained serious injuries, including a fractured femur, collapsed lung and broken ribs. In August 2017, petitioner moved by order to show cause for leave to serve a late notice of claim on respondent. Supreme Court granted the application and respondent appeals.
As to the factor of whether petitioner has proffered a reasonable excuse, the record discloses that, although petitioner was not rendered incapacitated as a result of the crash, he nonetheless sustained serious injuries that required surgery and extended hospitalization, which contributed to the delay from the time of the accident to when he first spoke with counsel in December 2016. We note the significant delay in waiting from December 2016 until August 2017 to seek leave to serve a late notice of claim (see e.g. Matter of Jensen v City of Saratoga [*2]Springs, 203 AD2d 863, 864 [1994]). Nevertheless, this delay must be examined in the context of the particular and unusual circumstances of this case. In this regard, counsel was also retained to represent Waliszewski, who was involved in the same accident as petitioner but was rendered incapacitated as a consequence thereof. Petitioner was the only eyewitness and, thus, had knowledge of significance in both cases. Under these circumstances, counsel's decision to wait and move for leave to serve a late notice of claim for both petitioner and Waliszewski at the same time, which could not occur until May 2017 when a guardian was appointed for Waliszewski and counsel thereafter received the retainer agreement, was not unreasonable.
For reasons stated in Matter of Waliszewski v County of Ulster (supra), we conclude that, although respondent did not have actual knowledge of the facts constituting the negligence claim within 90 days of its accrual, it also did not incur any substantial prejudice due to any delay. In view of the foregoing and taking into account that "[n]o single factor is dispositive" (Matter of Cornelius v Board of Educ. of Delhi Cent. School Dist., 77 AD3d 1048, 1049 [2010] [internal quotation marks and citations omitted]), we find that Supreme Court did not abuse its discretion in granting petitioner's application (see Matter of Hayes v Delaware-Chenango-Madison-Otsego Bd. of Coop. Educ. Servs., 79 AD3d 1405, 1405-1406 [2010]; Matter of Dewey v Town of Colonie, 54 AD3d 1142, 1143 [2008]; Matter of Gorinshek v City of Johnstown, 186 AD2d 335, 336 [1992]; compare Matter of Morgan v City of Elmira, 115 AD2d 885, 887 [1985], appeal dismissed 67 NY2d 905 [1986]). Respondent's remaining contentions, to the extent not specifically discussed herein, have been considered and are without merit.
Garry, P.J., Egan Jr., Rumsey and Pritzker, JJ., concur.
ORDERED that that order is affirmed, with costs.